1818.

WOODWARD
v.
SCHATZELL.

WOODWARD *against* SCHATZELL and others.

A writ of *ne exeat republica* may issue against a foreigner, or citizen of anoth-
er state, and on demands arising abroad; but the writ will be discharged on
the defendant's giving *security* to abide the decree.
To sustain the writ, sufficient equity must appear on the face of the bill.
Mere apprehension that the defendant will misapply funds in his hands, or
abuse his trust, is not sufficient.

*August* 17.    *GARR,* for the plaintiff, moved for a writ of *ne exeat*
and injunction.

The bill stated that on the 1st of *September*, 1815, the
plaintiff and *Alexander Cranston* of *New-York*, *Andrew
Alexander* of *Belfast*, in *Ireland*, and the defendant *S.* of
*Lexington*, in *Kentucky*, entered into partnership for the
purpose of transacting mercantile business in *Kentucky*.
That the plaintiff was to receive one third of the real pro-
fits.    That large sums were advanced by the other two
partners, and 13,000 dollars by the plaintiff.    That the
plaintiff conducted the business, part of the time in *Ken-
tucky*, and the defendant *S.* part of the time.    That the
defendant *S.* dissolved the partnership on the 24th of *Sep-
tember* last, on the previous *request* of the other partners.
That the defendant *S.* in *October* last, sold at auction, part-
nership effects to the amount of 11,500 dollars, on six
months' credit.    That the defendant *S.* closed the ac-
counts in the *Kentucky* banks, and transferred the part-
nership balances to his own credit.    That the partnership
owned other large property standing in the name of the
defendant *S.*    That the defendant *S. designs to retain the
sole use and control* of the partnership effects; that he
will be unable to respond, *if the effects should be misused,*
and not duly applied; and that he intends to *delay closing*

*the accounts,* and *will* withold from the plaintiff his just share.

Prayer for a *ne exeat,* and for an injunction restraining the defendant *S.* from farther interfering with the effects, &c.

Affidavit that the defendant *S.* intends to depart for *Kentucky,* and is indebted to the plaintiff in 12,000 dollars.

THE CHANCELLOR. As the defendant is a resident in *Kentucky,* and as the transactions upon which the demand of the plaintiff is founded, took place there, it might be made a question whether the *ne exeat* ought to apply to the case. Lord *Eldon,* in *Dick* v. *Swinton,* (1 *Ves. & Bea.* 371.) observed, that "this writ was a most powerful instrument, and he never applied it, without apprehension." But upon a review of the cases, I think the jurisdiction and practice of the court are settled in favour of the writ, when applied even to the case of foreigners, and to demands arising abroad.

Lord *Thurlow* observed in *Atkinson* v. *Leonard,* (3 *Bro. Ch. Cas.* 222.) that Lord *Northington* thought this process ought not to be extended to foreigners; yet, in that very case, Lord *Thurlow* allowed it, in favour of one inhabitant of the island of *Antigua* against another; and he afterwards, upon argument, consented to discharge the writ, on condition that the defendant gave sufficient security to abide the decree. So, also, in a much earlier case, (*Whitehead* v. *Murat, Bumb.* 183,) the Court of Exchequer obliged a defendant, who was a foreigner, to give security to abide the decree until answer and farther order. The writ was also allowed to one foreigner against another, in *De Carriere* v. *De Calonne,* (4 *Ves.* 577.) but Lord *Rosslyn,* admitted, that it was " very delicate to interfere as against foreigners, whose occasions or misfortunes had brought them here, by an application of this writ to

them," and he thought it ought to be simply a case of equity, affording no ground to sue at law.

Lord *Hardwicke* is stated to have said, in *Robertson* v. *Wilkie,* (*Amb.* 177, *Dickens,* 786. S. C.) that it was a reason with him not to grant the writ where the defendant lived out of the kingdom, and the transaction was on the faith of having justice where he resided. But in that case, the parties were partners, and the plaintiff resided in *London,* and the defendant in *Minorca,* and the balance of accounts were sworn to, and the *ne exeat* allowed, and afterwards discharged, on the defendant giving security in a mitigated sum to perform the decree.

These cases are all decidedly in favour of the writ, or its substitute, security to abide the decree.

So, again, in *Roddam* v. *Hetherington,* (5 *Vesey,* 91.) the *ne exeat* was allowed in favour of a resident in *England* against a resident in the *West Indies,* upon a demand arising there, and the counsel for the defendant would not raise the objection, that the defendant resided abroad, because, as they observed, Lord *Thurlow,* in *Atkinson* v. *Leonard,* after a considerable discussion, had overruled that objection. In *Howden* v. *Rogers,* (1 *Ves.* and *Bea.* 129.) the writ was granted against a defendant resident in *Ireland,* who came to *England* only for a temporary purpose; and though the demand arose in *Ireland,* Lord *Eldon* said he could not " distinguish that case from *Atkinson* v. *Leonard,* and several subsequent cases, from the *West Indies,* from *Scotland,* and from *Ireland.* The question was, whether he had any discretion to refuse the writ, a question upon which he was bound by those decisions, and the utmost he could do for the defendant's relief, was to discharge him on giving security to abide the decree."

The real point, then, in this case is, whether the plaintiff, shows sufficient equity on the face of his bill to sustain the writ, and I incline to think he does not, and that a

proper case ought to be made out to my entire satisfaction. The defendant has strictly done nothing which he was not authorized to do as a partner; and though the plaintiff apprehends that the defendant may misapply the funds and abuse his trust, yet no such acts have actually taken place, and the accounts have not been settled. It does not appear to me that the mere apprehensions of the plaintiff will warrant the *ne exeat,* or even the injunction restraining the defendant from interfering with the partnership accounts and effects.